UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARRY Z LEVINE, ) | |
| ) | |
| Plaintiff, ) | |
| -vs- ) | |
| ) | **JURY TRIAL DEMANDED** |
| ELLIOTT LANDY AND ) | |
| LANDYVISION, INC. ) | Case No.:  1:11-CV-1038 (DNH/RFT) |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

**MEMORANDUM OF LAW**

Nicholas Mesiti, Esq. (BRN 102192)
Annette I. Kahler, Esq. (BRN 516639)
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579

*Attorneys for Plaintiff Barry Z Levine*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

LEGAL STANDARDS APPLICABLE TO REVIEW OF DEFENDANTS'MOTION TO DISMISS ...............................................................................................................3

ARGUMENT .........................................................................................................5

   I:   This Court Has Subject Matter Jurisdiction Over All Claims in Plaintiff's Complaint.....5

   II:   The Timing of Plaintiff's Copyright Registration Activities Meets The Requirements of 17 U.S.C. §§411 and 412 ................................................................................11

       A.  *None of Plaintiff's Claims Are Barred Under 17 U.S.C. §411* ................................12

       B.  *Statutory Damages and Attorneys' Fees Are Properly Pled* .....................................14

   III:  Plaintiff's Other Claims Are Cognizable as a Matter of Law ...........................................15

       A.  *Plaintiff's Claim for Unjust Enrichment is Properly Pled and Not Preempted* ........16

       B.  *Plaintiff's Claim for Conversion is Properly Pled and Not Preempted* ....................17

       C.  *Plaintiff's Claim for Unfair Competition is Properly Pled and Not Preempted* .......18

       D.  *Plaintiff Has The Right To An Accounting* ................................................................18

   IV:  Plaintiff's Claims Are Against Defendants Landy and Landyvision, Not Against Other Third Parties .........................................................................................................19

   V:   In The Event That This Court Finds Plaintiff's Complaint Insufficiently Pled For Any Reason, Plaintiff Should be Granted Leave To Amend .................................................19

CONCLUSION.......................................................................................................20

# TABLE OF AUTHORITIES

CASES

*Alliance for Democracy v. FEC,* 362 F.Supp.2d 138 (D.D.C.2005) ..............................................10

*Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079 (9th Cir. 2005) ..................................................16

*AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63 (2d Cir.2003) ......................3

*AMF Inc.v. Algo Distributors, Ltd.,* 48 App.Div.2d 352, 369 N.Y.S.2d 460 (2d Dep't 1975)......18

*Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384 (5th Cir. 1984)  ................................................13

*Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ...........................................4, 19

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87 (2d Cir.2007).......................................3, 19

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929
        (2007) ...........................................................................................................................3, 4, 19

*Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,* 145 F.3d 481 (2d Cir.1998)........11

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004)*, cert. denied, 544
        U.S. 949, 125 S. Ct. 1704, 161 L. Ed. 2d 525 (2005) ....................................................16

*Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). ...........11

*Carson v. Dynegy, Inc.*, 344 F.3d 446 (5th Cir. 2003)...................................................................16

*Chicago Bd. of Educ. V. Substance, Inc.,* 354 F.3d 624 (7th Cir. 2003)  .....................................13

*Cipes v. Mikasa, Inc.,* 346 F. Supp. 2d 371 (D. Mass 2004) ........................................................15

*Citizens Nat'l Bank v. Osetek,* 353 F.Supp. 958, 963 (S.D.N.Y.1973) .........................................18

*Compaq Computer Corp. v. Ergonome Inc.,* No. H–97–1026, 2001 WL 34104826, 2001 U.S.
        Dist. LEXIS 23485 (S.D.Tex. June 27, 2001) ..................................................................7

*Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.,* 606 F.3d 612 (2010).  ..........................................13

*Fowlkes v. Adamec,* 432 F.3d 90 (2d Cir.2005).............................................................................3

*Gee v. CBS, Inc.*, 471 F. Supp. 600 (E.D. Pa. 1979).......................................................................4

## <u>TABLE OF AUTHORITIES - Continued</u>

*Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195 (1983) ...............................17

*Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192 (D.C.Cir.1992) ................................................10

*In re Outsidewall Tire Litig.,* No. 09–cv–1217, 2010 WL 2929626 (E.D.Va. July 21, 2010) ........6

*In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.* 94 F.R.D. 105 (D Nev. 1982).* .................................................................................................................................................4

*Jacobs v. Carnival Corp.*, No. 06 Civ. 0606, 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ..........4

*Kelly v. L.L. Cool J.,*145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd* 23 F.3d 398 (2d Cir. 1994), *cert. denied*, 513 U.S. 950, 115 S.Ct. 365, 130 L.Ed.2d 318 (1994) ...........................................4

*Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01 CV 2821, 2002 WL 1997926 (S.D.N.Y. Aug. 29, 2002) ...............................................................................................................4

*L.A. News Serv. v. Reuters Television Int'l,* 149 F.3d 987 (9th Cir.1998) (en banc), *cert. denied,* 525 U.S. 1141, 119 S.Ct. 1032, 143 L.Ed.2d 41 (1999)..................................................6

*Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3207 (U.S. Oct. 4, 2006)................................................................................16

*Manu Int'l S.A. v. Avon Prods., Inc.,* 641 F.2d 62 (2d Cir.1981)....................................................11

*Nat'l Bank v. Osetek,* 353 F.Supp. 958 (S.D.N.Y.1973) ................................................................17

*Penpower Technology Ltd. v. S.P.C. Technology* 627 F.Supp.2d 1083 (N.D.Cal.,2008) ............13

*P & D Int'l v. Halsey Publ'n Co.,* 672 F.Supp. 1429 (S.D.Fla.1987) .............................................7

*Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252 (S.D.N.Y. Feb. 22, 2001).......................4

*Reed Elsevier v. Muchnick,* 559 U.S. __ (2010), 130 S.Ct. 1237 .................................................14

*Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991)........................................................18

*Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647 (2d Cir. 1987) .....................................18

*Rundquist v. Vapiano SE, F.Supp.2d , 2011 U.S. Dist. LEXIS 78781, 2011 WL 2881333 (D.D.C. July 20, 2011)*................................................................................................................6

*Salahuddin v. Cuomo*, 861F.2d 40 (2d Cir. 1988). ........................................................................5

## <u>TABLE OF AUTHORITIES - Continued</u>

*United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).........10, 11

*Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67 (2d Cir. 1988). ............................................6

*Zito v.Steeplechase Films, Inc*., 267 F. Supp. 2d 1022 (N.D. Cal. 2003). .....................................15


STATUTES

17 U.S.C. § 411 ...............................................................................................................2, 12, 13

17 U.S.C. § 412 ...................................................................................................................2, 14, 15

17 U.S.C. § 504(b) .................................................................................................................2, 14

17 U.S.C. § 504(c) .................................................................................................................2, 14

28 U.S.C. § 1331 ....................................................................................................................5, 10

28 U.S.C. § 1338(a) .............................................................................................................5, 6, 10

28 U.S.C. § 1367 ....................................................................................................................5, 10

Fed. R. Civ. P. 8(a) ...............................................................................................................2, 4

Fed. R. Civ. P. 12(b)(6)..............................................................................................................3

Fed. R. Civ. P. 15(a) ...............................................................................................................19


OTHER AUTHORITIES

1 F. Harper & F. James, *The Law of Torts* § 2.15 (1956); *cf. Restatement (Second) of Torts* §
222A (1965))....................................................................................................................17

18 C.J.S. Copyrights §5 ...........................................................................................................16

.

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Plaintiff Levine's opposition to Defendants' motion to dismiss filed on October 27, 2011. (Dkt. No. 11).

In their motion, Defendants first assert that the Court does not have subject matter jurisdiction over Plaintiff's infringement claims with respect to the Fetjaine Book.  Defendants mischaracterize Plaintiff Levine's claims as being "targeted only at alleged copyright infringement by the Fetjaine Book published abroad" (in France), and further state that "[t]here is no allegation that the infringement occurred in the United States." (Dkt. No. 11 at 5).

Much to the contrary, Plaintiff's claims are directed at the Defendants, who are located in the United States, in New York State, within the Northern District, had possession of Plaintiff's Woodstock Photographs in the United States, in New York State, within the Northern District, and committed repeated and egregious acts of copyright infringement with respect to Plaintiff's Woodstock Photographs in the United States, in New York State, within the Northern District, as a predicate to committing acts of infringement elsewhere.

This is not a case where copyright infringement took place entirely and exclusively in a foreign country by a foreign publisher with no predicate acts of infringement by Defendants in the United States.  Indeed, Defendants' infringement took place in the United States and in France, and quite likely in other countries as well.

Plaintiff Levine has already successfully litigated and won against the French publisher in France for the publisher's acts of infringement abroad. This suit is not directed at distant foreign actors. This lawsuit is directed against Elliott Landy and his company Landyvision, Inc., located in Woodstock, Ulster County, New York, for acts of infringement and related claims that originated in the United States and are properly within the jurisdiction of this Court.

1

Defendants' motion to dismiss also wrongly alleges that Plaintiff Levine delayed in registering the copyright for certain of his photographs and incorrectly concludes that this bars some claims entirely, and precludes Levine from claiming statutory damages.  At the time the complaint in this case was filed, every photograph detailed in the complaint was either subject to a U.S. copyright registration, or an application for registration that was pending in the U.S. Copyright Office with special handling requested for expedited review. Copies of those registrations and filings were annexed to the complaint. (*See* Compl., Exhibits B, C, D, E, F, G, H, I, J, K, L).  And now, all but one copyright has been registered prior to the filing date of this Action.[1]

The one pending copyright application presently under review by the U.S. Copyright Office was timely filed by Plaintiff Levine, and for the purposes of the present litigation, fully comports with the requirements set forth in 17 U.S.C. §411 and related case law.

Moreover, Defendants' arguments regarding the availability of statutory damages are misguided. Plaintiff has requested, among other available remedies, damages for copyright infringement as provided in 17 U.S.C. §504(b), or in the alternative, awarding statutory damages provided by 17 U.S.C. §504(c), and an award of attorneys' fees, costs and interest. This request for relief is fully in accordance with Rule 8(a)(3) of the Federal Rules of Civil Procedure. It is not necessary for Plaintiff to submit evidence in the complaint that statutory damages are available for each and every claim. Plaintiff's complaint clearly supports his right to statutory damages for at least some of the stated claims, and taking the facts in the light most favorable to the Plaintiff, as must be done in evaluating a motion to dismiss, the Defendants' motion must be denied. Facts in dispute among the parties and required to resolve matters under 17 U.S.C. §412, such as the dates

---

[1] Two of Plaintiff's pending copyright applications have been granted registrations by the U.S. Copyright Office with an effective registration date of August 30, 2011, which pre-dates the filing of Plaintiff's complaint. (*See* Declaration of Annette I. Kahler, "Kahler Decl.", Exhibits A and B).

when infringement occurred, or when photographs were first published, must be established during discovery and in the trial in this proceeding, and cannot be resolved at this juncture on a motion to dismiss.

Finally, Defendants allege that Plaintiff's state and common law claims are not cognizable as a matter of law. Defendants' conclusions, however, are incorrect. Plaintiff has properly pled the necessary grounds for each claim in the complaint. For all the reasons stated herein, we respectfully ask the Court to deny Defendants' motion to dismiss in its entirety.

## LEGAL STANDARDS APPLICABLE TO REVIEW OF DEFENDANTS' MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 72 (2d Cir.2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec,* 432 F.3d 90, 95 (2d Cir.2005) (citation omitted).

"To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' " *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" *Twombly,* 550 U.S.

3

at 555, 127 S.Ct. 1955 (internal quotation marks and citations omitted). Rather, the claim must be "plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* but "does not impose a probability requirement," *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955.

Directly applicable to a motion to dismiss under Rule 12(b)(6) are the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, that a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. (Fed.R.Civ.P. Rule 8(a)).

With respect to complaints filed for a copyright infringement action, courts in the Second Circuit are generally in agreement that a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Plunket v. Doyle*, No. 99 Civ. 11006, 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (citing, inter alia, *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)); *see also Jacobs v. Carnival Corp.*, No. 06 Civ. 0606, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009); *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01 CV 2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002); *In re "Santa Barbara Like It Is Today" Copyright*

*Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982); *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979).

Plaintiff has set forth in his complaint sufficient allegations to meet all of the requirements set forth above, and dismissal of Plaintiff's complaint would be without basis and improper. *See Salahuddin v. Cuomo*, 861F.2d 40, 42 (2d Cir. 1988) ("Dismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (citation omitted)).

## ARGUMENT

### I. This Court Has Subject Matter Jurisdiction Over All Claims in Plaintiff's Complaint

In the complaint, Plaintiff asserted that this Court has jurisdiction under 28 U.S.C. §§1331, 1338(a), and 1367. (Compl., ¶5).

Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In other words, U.S. district courts have original jurisdiction where there is a federal question. Here, there is clearly a federal question presented by Defendants' infringing acts with respect to Plaintiff's Woodstock Photographs, which are protected under U.S. Copyright law. Moreover, Plaintiff alleged in the complaint that Defendants committed infringing acts "in this State and District." (Compl., ¶7).

Under 28 U.S.C. §1338(a), "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." This is a civil action arising under an Act of Congress related to copyrights, and therefore this Court has subject matter jurisdiction.

Under 28 U.S.C. §1367(a), it is stated that "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Accordingly, Plaintiff maintains that this Court has supplemental jurisdiction over other related claims that are a part of the same controversy between Plaintiff Levine and the Defendants.

Defendants argue that this Court does not have subject matter jurisdiction over Plaintiff's claims related to the Fetjaine book because "copyright laws generally do not have extraterritorial application." (Dkt. No. 11 at 5.) However, Defendants concede that subject matter jurisdiction may exist where there is a qualifying predicate infringing act in the United States. *See e.g., Rundquist v. Vapiano SE, F.Supp.2d , 2011 U.S. Dist. LEXIS 78781, 2011 WL 2881333, at \*17 (D.D.C. July 20, 2011)*(stating that a domestic "predicate act" of infringement can permit extraterritorial application of the U.S. Copyright Act when "(1) infringement occurs within the United States, and (2) this act initiates further infringement abroad"); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) (affirming award for copyright infringement where defendant reproduced infringing material in violation of 17 U.S.C. § 106(1) in the United States). S*ee also L.A. News Serv. v. Reuters Television Int'l,* 149 F.3d 987, 991–93 (9th Cir.1998) (en banc), *cert. denied,* 525 U.S. 1141, 119 S.Ct. 1032, 143 L.Ed.2d 41 (1999) (where defendant made unauthorized copies of video footage in New York for retransmission abroad, court held compensatory relief could be awarded under U.S. law for exploitation abroad, as if the exploitation abroad had taken place at home); *In re Outsidewall Tire Litig.,* No. 09–cv–1217, 2010 WL 2929626, at \*7–8 (E.D.Va. July 21, 2010) ([E]xtraterritorial exploitation of a copyright originally infringed inside the United States falls

within the jurisdiction of the Copyright Act.); *Compaq Computer Corp. v. Ergonome Inc.,* No. H–97–1026, 2001 WL 34104826, at *4–5, 2001 U.S. Dist. LEXIS 23485, at *15–16 (S.D.Tex. June 27, 2001) ([E]xception to the presumption against extraterritoriality applied when Compaq allegedly completed the initial, primary infringement within the borders of the United States.... As a result, foreign translations of that initial work are subject to this Court's jurisdiction, no matter where those translations may have been eventually made.); *P & D Int'l v. Halsey Publ'n Co.,* 672 F.Supp. 1429, 1432–33 (S.D.Fla.1987) (where defendant copied copyrighted film in Florida and then showed the film on a cruise ship in international waters, court had subject matter jurisdiction to the extent that part of an act of infringement occurs within this country, although such act be completed in a foreign jurisdiction, those who contributed to the act within the United States may be liable under U.S. copyright law).

Nevertheless, in this case Defendants state that Plaintiff "alleges no facts from which an inference of domestic infringement can be gleaned."  (Dkt. No. 11 at 6.)  This is asserted by Defendants despite all of the following allegations in Plaintiff's complaint:

(i)   Defendant Elliott Landy resides and maintains his business of authoring, producing, marketing, distributing, selling, and publishing images, photographic books, and related works from Woodstock, Ulster County, NY. (Compl., ¶3);

(ii)  Defendant Landyvision Inc., of which Elliott Landy is the principal executive officer, conducts substantially the same business and is located at the same address in Woodstock, Ulster County, NY. (*Id.* at 4);

(iii) Defendants Landy and Landyvision committed infringing acts in this State and District. (*Id.* at 7);

7

(iv)    Since 1979, Defendant Landy has had physical possession of hundreds of Plaintiff's Woodstock Photographs. (*Id.* at 13-15);

(v)    Plaintiff Levine did not give consent, permission, license or authorization for Plaintiff's Woodstock Photographs to be used in books authored, produced, edited, or published by, or in connection with Defendants. (*Id.* at 19);

(vi)    Defendants copied, distributed, used, published, or caused to be published in the Fetjaine Book, numerous of Plaintiff's Woodstock Photographs, misattributed the authorship of several of those photographs, and these actions constitute willful copyright infringement. (*Id.* at 24-28);

Plaintiff contends that the allegations summarized above, and set forth more fully with other detailed factual allegations in the complaint, all of which were realleged and incorporated by reference in all subsequent sections of the complaint without the necessity of repeating them,  are more than sufficient to meet the pleading requirements of the Federal Rules of Civil Procedure and establish the subject matter jurisdiction of this Court over Plaintiff's claims, including for the Fetjaine Book.

Defendants imply that a single statement by Plaintiff in paragraph 24 of the complaint, identifying the Fetjaine book as being published in France, somehow leads to the conclusion that this Court does not have subject matter jurisdiction over the infringement claims for the Fetjaine Book. However, the publication of the book in France does not negate this Court's subject matter jurisdiction.  As clearly set forth in the complaint, two U.S. Defendants, conducting business in Woodstock, New York, with possession of Plaintiff's Woodstock Photographs, which are protected under U.S. copyright law, copied, distributed and published Plaintiff's copyrighted photographs in the United States and elsewhere. Defendants committed acts of direct infringement in the United

State as a predicate to committing acts of infringement abroad.  Nevertheless, Defendants attempt to distance themselves from the Fetjaine Book and the infringing acts that led to its publication by stating in their motion to dismiss that the book was "issued by a French publisher." (Dkt. No. 11 at 1).

Defendants' role and responsibility in producing the Fetjaine Book is clearly documented in the cover, title and copyright pages of the book. (Kahler Decl., Exhibit C.) The statements on those pages clearly show that it is not just a distant French publisher that copied and published Levine's photographs in the book. Defendant Elliott Landy is the Author and "Directeur Créatif" (Creative Director") of the Fetjaine Book; the Fetjaine Book was "produit par" (produced by) Defendant Elliott Landy and Defendant Landyvision, Inc.; Defendants provide a mailing address in Woodstock, NY; Defendant Landyvision, Inc. claims numerous U.S. copyrights to the book; and, readers of the book are directed to two U.S. websites owned and operated by the U.S. Defendants in the United States  (www.woodstockonline.com and www.landyvision.com). (*See* Kahler Decl., Exhibit C at C-1 to C-3.) Additionally, it is claimed that the Fetjaine book was first published in the United States in 1994. ("Ce livre a été publié pour la première fois aux Etas-Unis en 1994.") *Id.* at C-3.

Moreover, as is shown below and in Exhibit D of the Kahler Declaration, the Fetjaine Book, authored and produced by the domestic Defendants, is available for purchase by consumers in the United States via Amazon.com from numerous sellers who have already imported, or will import, the book and its infringing content into the United States. (*See* Kahler Decl, Exhibit D).

9



With respect to the information and documentation referenced herein and provided in Plaintiff's attached exhibits, it is well established that in deciding a motion to dismiss for lack of subject matter jurisdiction a court is not limited to the allegations set forth in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. *Alliance for Democracy v. FEC,* 362 F.Supp.2d 138, 142 (D.D.C.2005); *see also Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992).

For all of the reasons set forth above, it is clear that this Court has subject matter jurisdiction over claims directed to the Fetjaine Book, as well as all other claims in Plaintiff's complaint, in accordance with 28 U.S.C. §§1331, 1338(a), and 1367 and applicable case law.

Even if the Court determines that is does not have original subject matter jurisdiction over the Fetjaine Book claims, supplemental jurisdiction should apply because the Fetjaine Book infringement claims "are so related [to the other claims set forth in the complaint] that they form a part of the same case or controversy" among the parties to this lawsuit, and no exceptions apply. *See* 28 U.S.C. §1367(a).  Supplemental jurisdiction "is a doctrine of discretion, not a plaintiff's

right." *Shekoyan v. Sibley Int'l,* 409 F.3d 414, 423 (D.C.Cir.2005) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). In deciding whether to exercise supplemental jurisdiction, the Court considers matters of "judicial economy, convenience and fairness to litigants." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. It is "a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Courts, including those in the Second Circuit, have applied supplemental jurisdiction even where foreign law needed to be considered in a case. *See London Film Prods. v. Intercontinental Comms.,,* 580 F.Supp. 47 at 50 ("[T]he need to apply foreign law is not in itself reason to dismiss or transfer the case," citing *Manu Int'l S.A. v. Avon Prods., Inc.,* 641 F.2d 62, 67–68 (2d Cir.1981)); *Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,* 145 F.3d 481 (2d Cir.1998) (where the Second Circuit reversed the district court's determination that the existence of foreign copyright claims warranted dismissal of the case.)

## II. The Timing of Plaintiff's Copyright Registration Activities Meet the Requirements of 17 U.S.C. §§ 411 and 412.

Details regarding Plaintiff Levine's copyrights were set forth in the body of the complaint and copies were attached in the complaint's accompanying Exhibits B-L. (Compl., ¶¶38-50 and Exhibits B-L.)  In addition, U.S. Copyright Registration VA 1-786-308 for "Barry Levine – Woodstock Aerial" was registered August 30, 2011 (registration certificate annexed to the Kahler Declaration as Exhibit A), and U.S. Copyright Registration VA 1-786-311 for "Barry Z Levine – Leo Lyons at Woodstock" was registered August 30, 2011 (registration certificate annexed to the Kahler Declaration as Exhibit B)  One copyright application filed by Plaintiff Levine prior to

commencing this lawsuit remains under expedited review by the U.S. Copyright Office (*see,* Compl. ¶48 and Exhibit J), and a registration certificate is expected to be received with an effective date of registration that pre-dates the filing of Plaintiff's complaint.

### A.   None of Plaintiff's Claims Are Barred Under 17 U.S.C. §411.

Defendants state that certain of Plaintiff's claims, namely, claims based upon Reg. No. VA 1-786-308 for "Woodstock Aerial", Reg. No. VA 1-786-311 for "Leo Lyons at Woodstock", and the currently pending copyright application for "Woodstock Artists and Scenery Collection I" must be dismissed entirely for failure to comply with Section 411(a) of the Copyright Act.  In so doing, Defendants ask the court to adopt a narrow, overly formalistic, and inequitable interpretation of 17 U.S.C. §411 that would dismiss Plaintiff's claims where a copyright application, with all of its necessary components, has been properly made that pre-dates the complaint, but where a registration certificate was not yet been received as of the date the complaint was filed. (Dkt. No. 11 at 8).  Plaintiff disagrees, and submits that there is an ample authority for this Court to find that a pending copyright application, filed before commencement of a lawsuit, is sufficient to satisfy the requirements of Section 411.

First, two of the three works complained of, namely the Woodstock Aerial and Leo Lyons at Woodstock photographs were registered August 30, 2011, which is prior to the commencement of this Action.  Thus, infringement claims based these registrations comply with Section 411(a) on their face.

Second, since the pending copyright application and all of its necessary components – namely, the application, the deposit copy, and the required fee—were all received at the U.S. Copyright Office prior the filing of Plaintiff's complaint in this Action, and the ultimate registration date of a copyrighted work is the same as the date when the application and all of its required parts

were received by the Copyright Office, the pending application should be deemed to meet the

requirements of Section 411. Some courts have found, for example, that a copyright application is

comparable to "pre-registration" for Section 411 purposes. *See e.g., Penpower Technology Ltd. v.*

*S.P.C. Technology* 627 F.Supp.2d 1083, *1091 (N.D.Cal.,2008) (holding that a copyright

application is equivalent to preregistration: "The Court is convinced that the plain language of § 411

permits a plaintiff to initiate a copyright infringement claim before the actual issuance of a

registration certificate.").

Likewise, courts have decided that the "application approach" better fulfills Congress's

purpose and intent for copyright law, avoids unnecessary delays in copyright litigation, avoids

needless and rigid formality without substantive impact, and promotes fairness and judicial

economy.  *Cosmetic Ideas, Inc. v. IAC/InteractiveCorp.,* 606 F.3d 612 (2010). *See also, Apple*

*Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386-87 (5th Cir. 1984). ("In order to bring suit for

copyright infringement, it is not necessary to prove possession of a registration certificate. One need

only prove payment of the required fee, deposit of the work in question, and receipt by the

Copyright Office of a registration application."); *Chicago Bd. of Educ. V. Substance, Inc.,* 354 F.3d

624, 631 (7th Cir. 2003) (finding argument that the school board lacks a valid copyright registration

to be frivolous on the basis that all that is required is an application for registration.)

Moreover, in support of their position, Defendants make only fleeting references to various

Second Circuit cases and fail to point out that none of the cited cases squarely addressed the

specific issue of whether the filing of a copyright application by a Plaintiff prior to initiating a

copyright litigation lawsuit would satisfy the requirements of Section 411. (Dkt. No. 11 at 8-9).

Cases cited by Defendants merely quote the statutory language of Section 411, but do not analyze

Section 411 in the light of interpretation issues presented by a prior pending copyright application.

This is especially true for the Supreme Court case of *Reed Elsevier,* cited by Defendants in their motion, which holds that the requirements of Section 411(a) do not restrict a federal court's subject matter jurisdiction.  *See, Reed Elsevier v. Muchnick,* 559 U.S. __ (2010), 130 S.Ct. 1237. Moreover, the Supreme Court in *Reed Elsevier* expressly stated that it "declines to decide whether §411(a)'s registration requirement is a mandatory precondition to suit that district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.,* *1240 and *1249.  Based on a plain reading of the case, it is clear that Defendants cannot credibly take the position that *Reed v. Elsevier* provides authority on whether this Court should dismiss Plaintiff's claims for works that are the subject of a pending copyright application.

### B. Statutory Damages and Attorneys' Fees Are Properly Pled

Defendants' arguments also fail with respect to 17 U.S.C. §412 and statutory damages. Rule 8(a)(3) of the Federal Rules of Civil Procedure state that a pleading must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed.R.Civ.P. Rule 8(a)(3).  Accordingly, Plaintiff has requested, among other available remedies, damages for copyright infringement as provided in 17 U.S.C. §504(b), or in the alternative, awarding statutory damages provided by 17 U.S.C. §504(c), and an award of attorneys' fees, costs and interest. (*See,* Compl., Prayer for Relief at p. 32, ¶¶(e) and (g)).  Moreover, Plaintiff has set forth in the complaint facts that are sufficient to show that, for at least some of the stated claims, statutory damages and attorneys' fees and costs would be an appropriate remedy available to Plaintiff for Defendants' infringement. Based on this, Plaintiff has met the applicable pleading requirements and is not required to prove statutory damages are available for each and every claim in the complaint.

Defendants further contend that Plaintiff's claims for statutory damages and attorney's fees must be dismissed because some registrations were obtained after infringement occurred and after

three months from first publication.  *See* Dkt. No. 11 at 6-8.  However, the facts pled in the Complaint for numerous works, show that registration occurred prior to the infringement and/or within three months of first publication.  Therefore, based on the facts as pled, Plaintiff is entitled to statutory damages and attorney's fees for such claims.  Accordingly, Defendants' argument that Plaintiff has insufficiently pled the right to statutory damages and attorney's fees is incorrect.  To the extent that Defendant argues that no such damages are allowed because registration did not occur before first publication, such factually disputed arguments cannot form a basis to dismiss the complaint.  The discovery period and trial in this case will bear out the facts needed for the Court to make its ultimate determination of an appropriate damages award to Plaintiff, and that determination cannot be made on the present motion to dismiss.

Also, underlying Defendants' arguments on statutory damages is the implied assertion that an unauthorized, infringing publication of Plaintiff's photographs, such as occurred in the publication of the Fetjaine book, would somehow establish a publication date that defeats Plaintiff's right to claim statutory damages under 17 U.S.C. §412. This is inaccurate. To qualify as a "first publication of the work" for §412(2) purposes, the publication must have been properly authorized by the copyright owner. *See e.g., Cipes v. Mikasa, Inc.,* 346 F. Supp. 2d 371, 375 (D. Mass 2004); *Zito v. Steeplechase Films, Inc*., 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003)(an unauthorized user is incapable of "publishing" an unpublished work).

### III.   Plaintiff's Other Claims Are Cognizable As A Matter of Law.

After first attempting to argue that Plaintiff's copyright claims are barred by the Copyright Act, Defendants then attempt to argue that most of Plaintiff's other claims must be dismissed because they are preempted by the Copyright Act. (Dkt. No. 11 at 9).  Defendants assert the

Case 1:11-cv-01038-DNH-RFT   Document 13   Filed 11/17/11   Page 21 of 26

seemingly contradictory arguments that Plaintiff's claims are essentially barred and preempted by the same federal law, and this line of argument cannot stand.

Moreover, Plaintiff has alleged copyright infringement with respect to only eleven photographs, a small subset of the entire collection of Plaintiff's Woodstock Photographs, and Defendants' wrongful conduct extends to other types of unauthorized activities that violate Plaintiff's legal and equitable rights that are not equivalent to the exclusive rights set forth by the U.S. Copyright Act.

"In order for a state law to be preempted by the federal Copyright Act, the content of the protected right must fall within the subject matter of copyright, and the right or rights asserted under state law must be equivalent to one or more exclusive rights of copyright holders under the Copyright Act." 18 C.J.S. Copyrights §5 at 1 (citing *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134 (9th Cir. 2006), petition for cert. filed, 75 U.S.L.W. 3207 (U.S. Oct. 4, 2006); *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004)*, cert. denied, 544 U.S. 949, 125 S. Ct. 1704, 161 L. Ed. 2d 525 (2005)). "[P]reemption does not apply where a state law claim requires an extra qualitative element beyond acts of copyright infringement." *Id.* (citing *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079 (9th Cir. 2005); *Carson v. Dynegy, Inc.,* 344 F.3d 446 (5th Cir. 2003).

In addition to the copyright claims, Plaintiff has set forth grounds in his complaint for unjust enrichment, conversion, and unfair competition. Each of these is addressed below.

**A.  *Plaintiff's Claim for Unjust Enrichment is Properly Pled and Not Preempted***

The Eighteenth Cause of Action in Plaintiff's complaint is a claim for Unjust Enrichment. (*See,* Compl., ¶¶188-193).  In that claim, Plaintiff has alleged that Defendants distributed Plaintiff's Woodstock Photographs to Redferns/Getty as well as other parties, and received proceeds and

remuneration for the same which was not properly remitted to Plaintiff Levine. As a result, Defendants were enriched at the expense of Plaintiff Levine in an inequitable manner. *Id.* This claim is qualitatively different than a copyright claim, in that it relates to a right to receive proceeds that are generated from the use of Plaintiff's photographs. Defendants concealed their actions and kept the proceeds for themselves, thereby being unjustly enriched in an inequitable manner at the expense of Plaintiff. This is a properly pled claim for unjust enrichment and is not pre-empted by any Copyright action

### B.  Plaintiff's Claim for Conversion is Properly Pled and Not Preempted

The Nineteenth Cause of Action in Plaintiff's complaint is a claim for Conversion. (*See,* Compl., ¶¶194-199). In that claim, Plaintiff has alleged that Defendants have interfered with and converted Plaintiff's property, namely, the collection of Plaintiff's Woodstock Photographs, by maintaining possession of these photographs, failing to return the full collection to Plaintiff, and substantially interfering with Plaintiff's personal property rights. *Id.* These acts of conversion, which are predicated on wrongful **possession**, are independent of copyright infringement claims, which are predicated on wrongful **copying**. This represents a qualitative difference that negates Defendants' pre-emption argument.

Further, Defendants arguments are not on point with the case law they cite in *Harper & Rowe*. In *Harper & Row*, the Second Circuit did <u>not</u> find that the conversion claims at issue were preempted by the Copyright Act; rather the court determined that cross-appellants had not established a claim of conversion because the interference with their property was insubstantial. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 723 F.2d 195, *201 (1983). ("Conversion, as thus described, is a tort involving acts—possession and control of chattels—which are qualitatively different from those proscribed by copyright law, and which therefore are not subject to

preemption. Cross-appellants have failed, however, to state a conversion claim." citing *Citizens Nat'l Bank v. Osetek,* 353 F.Supp. 958, 963 (S.D.N.Y.1973); *AMF Inc.v. Algo Distributors, Ltd.,* 48 App.Div.2d 352, 356, 369 N.Y.S.2d 460, 464 (2d Dep't 1975); 1 F. Harper & F. James, *The Law of Torts* § 2.15 (1956); *cf. Restatement (Second) of Torts* § 222A (1965)).

### C.   Plaintiff's Claim for Unfair Competition is Properly Pled and Not Preempted

The Twentieth Cause of Action in Plaintiff's complaint is a claim for Unfair Competition. (*See,* Compl., ¶¶200-206).  Plaintiff's claim for unfair competition is based on Defendants' deceiving and misleading acts in misrepresenting to the public the source of Plaintiff's photographs, and misrepresenting to the public that the Fetjaine Book was published in association with Plaintiff and his wife Linanne Sackett. Plaintiffs' false and misleading statements and actions were recurring and impacted the consuming public. This is a claim that is qualitatively different than a copyright claim, and thus is not preempted by copyright law.

### D.   Plaintiff Has The Right To An Accounting

In his complaint, Plaintiff has asked for an accounting. (See, Compl., ¶¶207-210 and Prayer For Relief at p. 33, ¶(f)). This claim is not premised on Plaintiff's copyright claims, but rather the agency agreement between the parties that had existed for many years. (Id at ¶12.)  Accordingly, Plaintiff's right to an accounting is not preempted by the Copyright Act, and Plaintiff's claim should be maintained.

Based on all of the foregoing arguments, Plaintiff submits that he has properly pled claims for unjust enrichment, conversion, unfair competition, and an accounting that are qualitatively different from his copyright claims and not preempted by copyright law. On this basis, we ask the Court to deny Defendants' request that these claims be dismissed.

**IV:  Plaintiff's Claims Are Against Defendants Landy and Landyvision, Not Against Other Third Parties.**

As Plaintiff has already addressed in this memorandum, Levine's claims in this lawsuit are directed solely and exclusively toward Defendants and Landyision, including claims of direct copyright infringement in the United States.  Plaintiff has made factual allegations that "raise a right to relief above the speculative level." *ATSI ,* 493 F.3d at  98  (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555).  Under *Twombly*, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" *Id.*  Rather, the claim must be  facially plausible, and "[a]claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (citation omitted). Thus, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* but "does not impose a probability requirement," *Twombly,* 550 U.S. at 556.  Plaintiff Levine's claims fully meet these standards.

**V:  In The Event That This Court Finds Plaintiff's Complaint Insufficiently Pled For Any Reason, Plaintiff Should be Granted Leave To Amend.**

For all the reasons stated herein, Plaintiff submits that his complaint is sufficiently pled in accordance with applicable statutes and case law. However, Rule 15(a) of the Federal Rules of Civil Procedure provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (internal quotation marks and citation omitted).  The court "should not deny leave to file a proposed amended complaint ... unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

19

relief ....” *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (internal quotation marks and citation omitted).

On this basis, in the event this Court finds Plaintiff's complaint to be insufficiently pled in any manner, Plaintiff requests that leave to amend the complaint be granted.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court <u>deny</u> Defendants' motion to dismiss in its entirety.

Respectfully submitted,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Dated: November 17, 2011

Nicholas Mesiti, Esq. (BRN 102192)
Annette I. Kahler, Esq. (BRN 516639)
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203-5160
Telephone: (518) 452-5600
Facsimile:  (518) 452-5579

*Attorneys for Plaintiff Barry Z Levine*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of November 2011, I electronically filed the foregoing

**PLAINTIFF'S MEMORANDUM OF LAW RESPONSE IN OPPOSITION TO**

**DEFENDANTS' MOTION TO DISMISS, UNREPORTED CASES and DECLARATION OF**

**ANNETTE I. KAHLER with EXHIBITS**, with the Clerk of the Court using the Court's CM/ECF

system, which sent notification of such filing to:


**Eleanor M. Lackman**
**Nancy E. Wolff**
Cowan, DeBaets Law Firm
41 Madison Avenue
34th Floor
New York, NY 10010
Tel: 212-974-7474 x1958
Fax: 212-974-8474
Email: mwolff@cdas.com
Email: elackman@cdas.com



Dated:   November 17, 2011          s/ Annette I. Kahler_____
                                    Nicholas Mesiti, Esq. (BRN 102,192)
                                    Annette I. Kahler, Esq. (BRN 516,639)
                                    HESLIN ROTHENBERG FARLEY & MESITI, P.C.
                                    5 Columbia Circle Albany, NY 12203-5160
                                    Tel.: (518) 452-5600 Fax: (518) 452-5579
                                    Email: nm@hrfmlaw.com; aik@hrfmlaw.com,
                                    *Attorneys for Plaintiff*

21