UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BARRY Z. LEVINE,

              Plaintiff,

    -v-                                      1:11–CV–1038

ELLIOT LANDY & LANDYVISION, INC.,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELLIOT LANDY & LANDYVISION, INC.,

              Counter-claimants,

    -v-

BARRY Z. LEVINE, LINANNE G. SACKETT &
THE BRUNSWICK INSTITUTE LLC,

              Counter-defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

HESLIN ROTHENBERG FARLEY & MESITI P.C.    ANNETTE I. KAHLER, ESQ.
Attorneys for Plaintiff & Counter-defendants     NICHOLAS MESITI, ESQ.
5 Columbia Circle
Albany, NY 12203

COWAN, DeBAETS, ABRAHAMS,            ELEANOR M. LACKMAN, ESQ.
   & SHEPPARD LLP
Attorneys for Defendants & Counter-claimants
41 Madison Avenue
34th Floor
New York, NY 10010

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Elliot Landy ("Landy") and his company, Landyvision, Inc. ("Landyvision") (collectively "defendants" or "counter-claimants") assert seven counterclaims against Barry Z. Levine ("plaintiff" or "Levine"), Linanne G. Sackett ("Sackett"), and The Brunswick Institute LLC ("Brunswick") (collectively "counter-defendants").  Currently pending is counter-defendants' motion to dismiss certain counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule ___").

## II. PROCEDURAL HISTORY

Plaintiff's complaint asserts twenty-one causes of action against defendants, including copyright infringement, unjust enrichment, conversion, unfair competition, and that an accounting is due.  Defendants moved to dismiss certain claims pursuant to Rule 12(b)(6). Plaintiff opposed and defendants replied.  A Memorandum–Decision and Order was issued on December 30, 2011, granting in part and denying in part defendants' motion to dismiss. See Levine v. Landy, --- F. Supp. 2d ----, 2011 WL 6845886 (N.D.N.Y. Dec. 30, 2011) (Hurd, J.).  The Memorandum–Decision and Order directed defendants to answer the following remaining claims:  Counts 1-17, Copyright Infringement; Count 18, Unjust Enrichment with

respect to Group B photographs;[1] <u>Count 19</u>, Conversion; <u>Count 20</u>, Lanham Act; and <u>Count 21</u>, Accounting with respect to Group B photographs.

Defendants answered the complaint and asserted seven counterclaims against plaintiff Levine, Sackett (Levine's wife), and Brunswick, an educational organization of which Sackett is the owner and president.  The answer contained the following counterclaims: <u>Count I</u>, Copyright Infringement (against Levine, Sackett, and Brunswick); <u>Count II</u>, Contributory Copyright Infringement (against Levine, Sackett, and Brunswick); <u>Count III</u>, Declaratory Judgment (against Levine); <u>Count IV</u>, Tortious Interference with Business Relationships (against Levine and Sackett); <u>Count V</u>, Tortious Interference with Contract (against Levine and Sackett); <u>Count VI</u>, Fraudulent Inducement (against Levine and Sackett); and <u>Count VII</u>, Relief Under the All Writs Act (against Levine).

Although Landy and Landyvision styled their claims against Sackett and Brunswick as "third-party claims," and refer to the two as "third-party defendants," it should be noted that this is not a case of true third-party practice.  Federal Rule of Civil Procedure 14 governs third-party practice.  Rule 14(a) dictates when a defending party, such as Landy and Landyvision, may bring in a third party.  That rule provides in part:  "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  That is not the case here. Defendants Landy and Landyvision did not bring in Sackett and Brunswick because Sackett

---

[1]  Not all the photographs identified in the complaint were alleged to have been infringed. Accordingly, the December 30 Memorandum–Decision and Order drew a distinction between those eleven photographs which are the subject of the copyright infringement claims, <u>Counts 1–17</u>, ("Group A photographs") and the remaining photographs ("Group B photographs").  The Group B photographs are those which defendants had authorization to distribute, publish, and/or reproduce and thus were not infringed upon, but for which payments were allegedly never remitted to plaintiff.  Group B photographs therefore do not include those eleven photographs identified in <u>Counts 1–17</u>, the copyright infringement claims.

and Brunswick are, or may be, liable to them for all or part of the claims asserted against them by Levine.  Thus, third-party practice is not appropriate here and Sackett and Brunswick are not "third-party defendants."

Instead, the assertion of claims against Sackett and Brunswick are most appropriately covered by Rule 13, entitled Counterclaim and Crossclaim.  Rule 13 governs the filing of permissive and compulsory counterclaims and further provides for the joinder of additional parties needed to fully adjudicate a counterclaim against a plaintiff, subject to the provisions of Rules 19 and 20.  Fed. R. Civ. P. 13(h).  Rule 13(h) was redrafted in 1966, to "mak[e] it clear that if a counterclaim or crossclaim has been properly asserted, then any person whose joinder in the original action would have been possible under Rule 20, which deals with permissive joinder, may be added as a party to the counterclaim or crossclaim."  6 Charles Alan Wright et al., Federal Practice and Procedure § 1434 (3d ed. 2012).  Courts typically construe Rule 13(h) liberally "in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy."  Id.  As Landy and Landyvision properly assert counterclaims against Levine, the propriety of adding Sackett and Brunswick as parties must be examined under Rule 20.

Rule 20, entitled Permissive Joinder of Parties, dictates when persons *may* join or be joined as parties.  Rule 20(a) states:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

- 4 -

Fed. R. Civ. P. 20(a).  The first prong of that test is met here because counter-claimants allege counter-defendants jointly engaged in copyright infringement and that counter-claimants suffered damages for which counter-defendants are jointly and severally liable. Counter-claimants' right to relief arises out of the same series of transaction involving the allegedly fraudulent registration of copyrighted works; the unauthorized copying, sale, and/or distribution of those works; and Levine and Sackett's tortious acts with respect to Landy's business.  The second prong requiring that a question of law or fact common to all defendants will arise in the action is also met here.  The validity of the copyright registrations filed by both Levine and Landy will be determined as will the true authorship of the photographs at issue.  Accordingly, the requirements for permissive joinder under Rule 20 are met and Sackett and Brunswick may properly be joined alongside Levine as counter-defendants.[2]

Counter-defendants Levine, Sackett, and Brunswick jointly moved to dismiss all counterclaims except Count III, pursuant to Rule 12(b)(6) for failure to state a claim. Counter-claimants opposed and counter-defendants replied.  Oral argument was heard in Utica, New York on May 15, 2012.  Decision was reserved.

## III. BACKGROUND

The following facts, taken from the answer and counterclaims, are assumed true for purposes of the motion to dismiss.  This case arises from a dispute between two photographers who both attended the Woodstock Music Festival in August 1969 and captured original photographic images of performers and festival scenes.  Levine had a

---

[2]  The Clerk is directed to amend the docket consistent with the caption in this Memorandum–Decision and Order..

camera at Woodstock by chance while working with a sound crew on a Woodstock documentary, while Landy was one of two official photographers at the festival.

The two became and remained friends for several decades, during which time Landy acted as an agent for the licensing of Levine's Woodstock photographs.  Levine gave Landy blanket permission to license Levine's photographs to buyers who contacted Landy for his own photographs of Woodstock, and Landy orally agreed to offer some of Levine's photographs to some of Landy's clients.  To facilitate the licensing, Landy maintained physical possession of Levine's original photographic slides.  Pursuant to the parties' oral agreement, Landy provided some of Levine's photographs to photographic entities such as the Redferns agency and the Intercontinental Ltd. ("Intercontinental") rights agency, which later contracted with other publishers.  For example, Intercontinental later made book deals with Fetjaine and Redferns.  In some cases, both Landy and Levine's photographs appeared in the same books or collections.

In 1994, Landy and Landyvision produced a book entitled "Woodstock 1969–The First Festival," (the "1994 book"), published by SquareBooks.  The 1994 book contained both parties' photographs.  Levine accepted a $750 royalty from Landy for the use of his photographs in that book.

In late 2007 through early 2008, the parties engaged in discussions about producing and licensing books and photographs in commemoration of the upcoming fortieth anniversary of Woodstock.  Levine's wife and new business partner Sackett also participated in these discussions.  One opportunity included issuing an updated version of the 1994 book in the United States, and licensing rights to publish versions of the 1994 book in other countries.

To further collaboration on the reprint of the 1994 book, Landy contends he gave Levine and Sackett access to his business partners.  Levine agreed to pick up copies of the 1994 book to be used for trade samples to show to potential domestic distributors and buyers (the "trade samples"), and Landy reimbursed Levine for the costs.  Further, in April 2008, Sackett retrieved all of Levine's original and duplicate photographs from Landy's home so they could be digitally scanned.  The vendor who completed the scanning provided Sackett a hard drive containing Levine's scanned photographs.  Sackett then provided the hard drive to Landy, for the purpose of allowing him to continue his licensing agreement with Levine. Landy then made copies of Levine's photographs onto a new hard drive that he purchased.

Landy contends Levine and Sackett had agreed that foreign publishers such as French publisher Fetjaine could use Levine's photographs in an updated version of the 1994 book, as well as an additional photograph for the new cover of the book that Levine tentatively agreed would be subject to a fee of $450.

Landy alleges that based on Levine and Sackett's representations that they would invest in and assist with the United States reprint of the 1994 book, he spent over $15,000 to have high-resolution photographic scans made for use in the book, and introduced Levine to his printing broker and marketing partner.

In fall 2008 Landy asked Levine for the trade samples back, which he refused to give and instead sold on Amazon.com for at least $100 each.  Landy also alleges he later discovered that when Sackett picked up Levine's photographs in April 2008 to be scanned, she also took copies of some of Landy's photographs, including highly valuable never-before-published photographs.

The parties never reached an agreement regarding the reprint of the 1994 book.  In October 2008, Levine and Sackett ceased speaking to Landy.  Meanwhile, an updated version of the 1994 book was published in France by Le Martiniere on its Fetjaine imprint on October 1, 2008.  Levine contends his photographs were used in that book without his permission and improperly attributed to Landy.  In May 2009, Levine sued Le Martiniere regarding the unauthorized use of his photographs in their book.  That lawsuit was settled.

Landy asserts that Levine and Sackett then proceeded to engage in a willful and blatant pattern of harassment and fraud against him, including fraudulently registering multiple Woodstock photographs taken by Landy as Levine's own; filing multiple lawsuits against Landy and Landyvision in addition to this one, and then unilaterally withdrawing them after incurring legal expenses; and interfering with Landy and Landyvision's valuable business relationships.

Landy contends that Levine and Sackett had no intention to assist with the 1994 book reprint, but instead intended to use Landy's business connections to cut Landy out and publish their own book, which they ultimately did in 2009 using Landy's printing broker in a work entitled "The Woodstock Story Book."

## IV.  DISCUSSION

### A.  Motion to Dismiss Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's—or here, counter-claimants'—factual allegations must be accepted as true and all reasonable inferences must be drawn in their favor to assess whether a plausible claim for relief has been stated.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–61, 127 S. Ct. 1955, 1964–67

- 8 -

(2007); Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953 (2009) (holding that the pleading rule set forth in Twombly applies in all civil actions). The factual allegations must be sufficient "to raise a right to relief above the speculative level," crossing the line from conceivable to plausible. Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Additionally, "a formulaic recitation of the elements of a cause of action will not do." Id. at 555, 127 S. Ct. at 1965. "A claim has facial plausibility when the [counter-claimant] pleads factual content that allows the court to draw the reasonable inference that the [counter] defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965).

Thus, in reviewing the sufficiency of the pleading, a court first may identify legal conclusions that are not entitled to the assumption of truth. Id. at 679, 129 S. Ct. at 1950. The court should then "assume [the] veracity" of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id.

**B. Copyright Infringement** (Count I)

Count I alleges the counter-defendants infringed Landy's six copyrighted photographs by jointly engaging in the copying, license, sale and other distribution of the photographs. Landy alleges he possesses valid copyright registrations for the following six photographs: Janis Joplin 1, Janis Joplin 2, Leo Lyons, Richie Havens, Grace Slick, and Crowd photographs. Landy alleges that all the photographs which Levine claims are his and which Levine has registered with the U.S. Copyright Office are actually Landy's photographs. Further, Landy claims that all of these photographs, with the exception of one, were published in his own name well before Levine filed his copyright applications. Landy alleges he has in his possession the originals of every photograph that Levine claims belongs to him.

Levine, Sackett, and Brunswick argue Count I fails because Levine is the copyright owner of the six photographs alleged to be infringed, and cannot infringe his own works. They also contend the counterclaim does not indicate what conduct constitutes infringement, and there is no specificity as to what each counter-defendant did.

To establish a claim of copyright infringement, a plaintiff must allege sufficient facts to establish (1) ownership of a valid copyright, and (2) unauthorized copying or a violation of one of the other exclusive rights afforded copyright owners pursuant to the Copyright Act. See, e.g., Arista Records LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010). There is no heightened pleading requirement applied to copyright infringement claims, see id. at 119–21; a claim of copyright infringement need only meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

With respect to the first element, the Copyright Act provides that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). For registrations made thereafter, the evidentiary weight to be given to a certificate is within the discretion of the court. Id. This creates a presumption of validity, which may be rebutted. See e.g., Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 109 (2d Cir. 2002) (holding that jury could have concluded that copyright registrations were invalid because registrant was not an author of the works registered); see also 37 C.F.R. § 201.7(c)(4)(v) (stating cancellation of completed registrations is appropriate where U.S. Copyright Office learns that the claimant does not have the legal right to claim copyright).

Landy and Landyvision plausibly allege that Landy has copyright registrations in the photographs indicated.  Although Levine also claims ownership in these photographs and has produced registration certificates, such registrations merely create a rebuttable presumption of validity.  The counterclaim also sufficiently alleges Levine, Sackett, and Brunswick impermissibly displayed and distributed those photographs in their own fortieth anniversary book; on their website at www.woodstockwitness.com; in posters and postcards; and via an iPad application called "On The Way To Woodstock."  The answer and counterclaims' failure to describe each and every specific individual instance of infringement is not fatal to the counterclaim; "such details are rightly the province of the discovery phase and summary judgment."  See Maverick Recording Co. v. Goldshteyn, No. CV-05-4523, 2006 WL 2166870, at *3 (E.D.N.Y. July 31, 2006).

Therefore, Landy and Landyvision plausibly state a counterclaim for copyright infringement and the motion to dismiss this counterclaim will be denied.

### C.  **Contributory Copyright Infringement** (Count II)

Count II alleges Levine, Sackett, and Brunswick are liable by way of contributory copyright principles because they authorized third-parties to use and incorporate Landy's copyrighted Crowd and Janis Joplin 2 photographs into other works without Landy's authorization.  Counter-defendants argue Count II should be dismissed because there is no direct infringement of the Crowd photograph.  They also assert that Levine holds valid copyrights and can thus authorize others to use the photographs.  Finally, they contend the counterclaim lacks allegations that they had knowledge of infringement by others.

"'[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory'

infringer.'" Faulkner v. Nat'l Geographic Enters. Inc., 409 F.3d 26, 40 (2d Cir. 2005) (quoting Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). Thus, "there can be no contributory infringement absent actual infringement." Id. Finally, "[a]ll persons and corporations who participate in, exercise control over, or benefit from the infringement are jointly and severally liable as copyright infringers." Sygma Photo News, Inc. v. High Soc. Magazine, Inc., 778 F.2d 89, 92 (2d Cir. 1985).

Landy and Landyvision plausibly allege Levine improperly engaged Warner Brothers to manufacture and sell DVD packaging material containing the Crowd photograph, and did so by stating the photograph was taken by Levine.  The counterclaim also asserts Levine authorized the Bethel Woods Center to display, distribute, and sell postcards containing the Janis Joplin 2 photograph, and that the counter-defendants were jointly involved in or aware of such infringements. Thus, direct infringement and knowledge by the contributory infringers has been alleged.

Accordingly, Landy and Landyvision plausibly state a counterclaim for contributory copyright infringement and the motion to dismiss this counterclaim will be denied.

**D.  Tortious Interference with Business Relationships** (Count IV)

Count IV alleges Levine and Sackett intentionally interfered with Landy's business relationships.  Counter-defendants urge dismissal of this counterclaim because there are no specific facts as to how they interfered with Landy's business relationships.  Further, they contend Landy's relationship with Intercontinental was not interfered with because its website still displays Landy's photograph; that Levine's lawsuit against Fetjaine does not constitute

interference because it was not meritless; and that there are no facts alleged as to interference with Warner Brothers.

To state a claim for tortious interference with business relationships under New York law, a plaintiff must allege:  "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship."  Catskill Dev., L.L.C. v. Park Place Entm't Corp., 547 F.3d 115, 132 (2d Cir. 2008).

Landy and Landyvision plausibly allege they had business relationships with Redferns/Getty, Fetjaine, Warner Brothers, and Intercontinental; counter-defendants interfered with those relations by falsely representing to them that Landy was not authorized to license Levine's photographs; counter-defendants did so intentionally and for the sole purpose of harming Landy and benefitting themselves; and that Landy and Landyvision and their reputations have been irreparably harmed.

Therefore, Landy and Landyvision plausibly state a counterclaim for tortious interference with business relationships and the motion to dismiss this counterclaim will be denied.

### E.  Tortious Interference with Contract (Count V)

Count V alleges Levine and Sackett intentionally interfered with Landy's oral and/or written contracts with Intercontinental.  Counter-defendants argue Count V should be dismissed because there are insufficient facts alleged to meet any of the elements of a tortious interference with contract claim.

- 13 -

To state a claim in New York for tortious interference with contract, a plaintiff must allege:  "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom."  Kirch v. Liberty Media Corp., 449 F.3d 388, 401–02 (2d Cir. 2006) (internal quotations omitted).  With respect to the first element, a specific contract must be alleged; general "agreements" are insufficient.  See e.g., Plasticware, LLC v. Flint Hills Resources, LP , --- F. Supp. 2d ----, No. 10–CV–6650, 2012 WL 983373, at *5 (S.D.N.Y. Mar. 22, 2012).

Landy and Landyvision have not alleged adequate details about a specific contract they had with Intercontinental, but have merely alleged they had oral and/or written contracts. This is insufficient.  Nor have they alleged an actual breach, instead they generally assert they no longer have a business relationship with Intercontinental.

For these reasons, the motion to dismiss this counterclaim will be granted and Count V will be dismissed.

**F.  Fraudulent Inducement** (Count VI)

Count VI alleges Levine and Sackett fraudulently induced Landy into believing they would work together to publish an update of the 1994 book.  Levine and Sackett argue this counterclaim is not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b) for claims of fraud.  They also contend the parties merely discussed plans to work together on the 1994 book, and there was no specific promise to perform.

To assert a fraudulent inducement claim, a plaintiff must allege:  "(1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its falsity

- 14 -

(3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff." Crigger v. Fahnestock & Co., 443 F.3d 230, 234 (2d Cir. 2006).

Landy plausibly alleges the parties did more than promise to work together as counter-defendants contend.  Landy alleges Levine and Sackett promised him they would invest in the update of the book, which caused him to spend $15,000 in high-resolution scanning. Further, it is alleged Levine promised to provide trade samples provided by Landy, to distributors.  Instead, Landy alleges Levine and Sackett sold the samples online for at least $100 each.  Landy alleges that as a result of his reliance on those promises, he could not proceed with the 1994 book update on his own.

These allegations are sufficient to state a prima facie case of fraudulent inducement. Accordingly, the motion to dismiss this counterclaim will be denied.

**G.  All Writs Act** (Count VII)

Count VII seeks relief under the All Writs Act.  This counterclaim alleges that Levine's litigious tendencies and repeatedly meritless lawsuits against Landy and Landyvision require an injunction to prevent further harassment.

Under Title 28 of the United States Code, section 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court.  See 28 U.S.C. § 1651.  The Second Circuit has instructed courts to determine whether such a litigant is likely to continue to abuse the judicial process and harass other parties before ordering injunctive relief.  See Safir v. United States Lines, Inc., 792 F.2d 19, 25 (2d Cir. 1986).  Specifically, a court should consider:

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether

> the litigant has a good faith expectation of prevailing; (3) whether
> the litigant is represented by counsel; (4) whether the litigant has
> caused needless expense to other parties or has posed an
> unnecessary burden on the courts and their personnel; and (5)
> whether other sanctions would be adequate to protect the courts
> and other parties.

Upstate Citizens for Equality, Inc. v. Salazar, No. 5:08-CV-0633, 2010 WL 827090, at *12

(N.D.N.Y. Mar. 4,2010).

Landy and Landyvision allege that since 2008, Levine filed four court actions (not

including the present action)[3] against them for the sole purpose of harassing them.  They

contend he has withdrawn every action without prejudice prior to the court's opportunity to

review the cases on the merits.  Even accepting these facts as true which must be done for

purposes of the motion to dismiss, Landy and Landyvision have not sufficiently alleged

Levine is the type of persistent harassing litigator, motivated by bad faith, causing needless

expense and posing an unnecessary burden on the courts, for which an injunction would be

appropriate.

Accordingly, the motion to dismiss this counterclaim will be granted and Count VII will

be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Levine, Sackett, and Brunswick's motion to dismiss the

counterclaims will be granted in part and denied in part.  The Tortious Interference with

Contract (Count V) and All Writs Act (Count VII) counterclaims will be dismissed because the

factual allegations are insufficient to raise a right to relief above the speculative level, and

---

[3] Those actions included one federal court action and three actions in Small Claims Court for the town of Woodstock, Ulster County, New York.

thus they are not plausible.  The motion to dismiss the remaining counterclaims will be denied because, taking all factual allegations in the answer and counterclaims as true and drawing all reasonable inferences in favor of Landy and Landyvision, they have pleaded enough factual content to reasonably infer that counter-defendants are liable for the misconduct alleged.  Accordingly, Levine, Sackett, and Brunswick will be directed to answer the remaining counterclaims.

Therefore, it is

ORDERED that

1.  Counter-defendants Barry Z. Levine, Linanne G. Sackett, and The Brunswick Institute LLC's motion to dismiss is GRANTED in part and DENIED in part;

2.   The Tortious Interference with Contract (Count V) and All Writs Act (Count VII) counterclaims are DISMISSED;

3.  Counts I, II, III, IV, and VI remain and Barry Z. Levine, Linanne G. Sackett, and The Brunswick Institute LLC are directed to answer those counterclaims by June 1, 2012.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  May 18, 2012
        Utica, New York.

- 17 -